UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY CRAWFORD,

          Petitioner,          Civ. No. 04-CV-71543
                                               Crim. No. 93-CR-80202
vs.
                                               Hon. Gerald E. Rosen
UNITED STATES OF AMERICA,

          Respondent.
_____/

OPINION AND ORDER DENYING PETITIONER'S § 2255
MOTION TO VACATE AND SET ASIDE JUDGMENT

           At a session of said Court, held in
           the U.S. Courthouse, Detroit, Michigan
           on     July 31, 2008

           PRESENT:  Honorable Gerald E. Rosen
                               United States District Judge

I. INTRODUCTION

This matter is presently before the Court are Petitioner Timothy Crawford's § 2255 Motion to Vacate and Set Aside Judgment. The Government has responded to Crawford's Motion and Petitioner has replied. Having reviewed and considered Petitioner's briefs, his "Special Traverse" and Notices of Supplemental Authority, and the Government's response thereto, and having reviewed the entire record of this matter, the Court finds that a hearing is unnecessary. Therefore, in accordance with Rule 8 of the Rules Governing Section 2255 Proceedings and Local Rule 7.1(e)(2), Petitioner's motion will be decided "on the briefs".

## II.  BACKGROUND

Petitioner Timothy Crawford was indicted by a federal grand jury on charges of conspiracy to possess with intent to distribute controlled substances, conspiracy to tamper with an informant or witness, and attempt to tamper with an informant or witness.  He was subsequently tried before a jury and, after a seven-day trial, on April 27, 2000, the jury convicted Crawford on the informant/witness tampering charges but found him not guilty as to the drug charge.  On January 12, 2001, Crawford was sentenced to 110 months incarceration to be followed by a 3-year period of supervised release.

Crawford subsequently appealed his conviction to the Sixth Circuit Court of Appeals arguing that:  (1) the district court abused its discretion in denying his trial counsel's motion to withdraw and his motion for a continuance of the trial date; (2) his trial counsel provided constitutionally ineffective assistance; (3) the government's pre- and post-indictment delay violated his Due Process and Sixth Amendment rights; (4) the Third Superseding Indictment was time-barred and could not be said to relate back to the original and the first two superseding indictments because those indictments were invalid under *United States v. Ovalle*, 136 F.3d 1092 (6th Cir. 1998), and, hence, not validly pending when the Third Superseding Indictment was returned; (5) the district court erred in failing to consider the applicability of 18 U.S.C. § 1515(c) as an affirmative defense to the witness tampering charges; (6) the prosecutor's decision to indict him for participation in the drug conspiracy was improper; (7) he did not receive a trial by an

impartial jury and (8) the government violated Disciplinary Rule 7-104 by contacting Crawford's client/co-defendant to procure his cooperation. The Sixth Circuit rejected Crawford's claims and on February 12, 2003, affirmed this Court's Judgment. *See United States v. Crawford*, 60 Fed. Appx. 520 (6th Cir. 2003).

Crawford thereafter filed the instant § 2255 Motion arguing:

1. The Indictment was Fatally Defective and Constitutionally Infirm under *Ovalle* and its sister case, *Garcia*.

2. Petitioner Received Ineffective Assistance of Counsel from his Court-Appointed Attorney due to his

   a. Failure to argue that 18 U.S.C. § 1515(c) presented an affirmative defense that he was entitled to;
   b. Failure to investigate the allegations against Defendant and to hire a private investigator;
   c. Failure to provide an adequate defense by not requesting numerous relevant jury instructions;
   d. Failure to effectively cross-examine the prosecution witnesses;
   e. Delay in obtaining *Brady* materials from the Government and his failure to push this issue with the Court; and
   f. Denying Petitioner the right to testify.

3. Petitioner's Fifth Amendment right to due process was violated as a result of the Court's failure to apply the statutory "safe harbor"/affirmative defense provided under 18 U.S.C. § 1515(c).

4. The Government violated Disciplinary Rule 7-104 by contacting his client, Co-Defendant Erie Adams, without his consent.

3

## III. DISCUSSION

A.  PETITIONER'S CLAIM OF INVALIDITY OF THE INDICTMENT WAS ALREADY LITIGATED BOTH IN THIS COURT AND IN THE COURT OF APPEALS

Petitioner first argues that the indictment on which he was convicted was fatally defective and rendered constitutionally invalid pursuant to *Ovalle*. Petitioner made this same argument in his pre-trial Motion to Dismiss and again in his direct appeal to the Sixth Circuit. Both this Court and the appellate court rejected this claim.

It is well-settled that a § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances. *See DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996); *United States v. Brown*, 62 F.3d 1418 (6th Cir. 1995), *cert. denied*, 516 U.S. 942 (1995); *Warren v. United States*, 1994 WL 486625 (6th Cir. 1994). *See also Stephan v. United States*, 496 F.2d 527, 528-29 (6th Cir.1974), *cert. denied*, 423 U.S. 861 (1975) (rejecting a defendant's attempt to relitigate issues in a habeas action that had already been litigated on direct appeal). This is the law, not only in the Sixth Circuit but in virtually every other circuit. *See e.g., Cabrera v. United States*, 972 F.2d 23, 25 (2nd Cir.1992) ("[S]ection 2255 may not be employed to relitigate questions which were raised and considered on direct appeal."); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir.1992) (issues raised on direct appeal cannot be raised in a collateral attack absent a change in circumstances); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) (claims introduced and decided on direct appeal may not be relitigated

in a § 2255 motion to vacate); *Walter v. United States*, 969 F.2d 814, 816 (9th Cir.1992) ("[W]hen a federal prisoner presents a claim in a § 2255 petition that he has presented previously, the federal court retains the discretion to refuse to consider the claim on the basis that the prisoner is abusing the writ."); *Murchu v. United States*, 926 F.2d 50, 55 (1st Cir.), *cert. denied*, 112 S.Ct. 99 (1991) (issues decided on direct appeal cannot be relitigated in a § 2255 motion); *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir.1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255."); *United States v. Greene*, 834 F.2d 1067, 1073 (D.C.Cir.1987), *cert. denied*, 487 U.S. 1238 (1988) (issues raised by defendant on direct appeal were inappropriate for collateral review). Here, there have been no change of circumstances or any intervening change in the law. Therefore, Petitioner cannot relitigate this issue in this § 2255 action.

Although it is not entirely clear, it also appears that Mr. Crawford now also claims that the grand jury was given false information concerning his previous familiarity with Co-Defendant Clifford Jones as to prior drug dealings at his home, and this, too rendered the indictment against him invalid. However, Petitioner is also precluded from seeking relief with respect to such a claim because this claim could have been raised, but was not raised, on direct appeal. A § 2255 proceeding is not a substitute for a direct appeal. *See United States v. Addonizio*, 442 U.S. 178, 184, 99 S.Ct. 2235, 2240 (1979). Accordingly, claims not raised on direct appeal generally may not be raised on collateral

5

review. *See Massaro v. United States*, 538 U.S. 500, 503 123 S.Ct. 1690, 1693 (2003). If any issue could have been raised on direct appeal, the failure to raise it therein constitutes a procedural default and precludes review in a § 2255 proceeding unless the petitioner can demonstrate both "cause" for the procedural default <u>and</u> actual "prejudice," or that he is "actually innocent."' *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604 (1998); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643-44 (1986); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594 (1982). The "hurdle" a petitioner faces in excusing his procedural default is "intentionally high. . . , for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Peveler v. United States*, 269 F.3d 693, 699-700 (6th Cir. 2001) (quoting *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000)). Petitioner Crawford has not even attempted a "cause and prejudice" or actual innocence showing here. Therefore, to the extent that he is claiming that his indictment was invalid based upon his contention that the grand jury was given false information his relationship with Clifford Jones and prior drug dealings at his home this claim will be denied.

B.  PETITIONER'S CLAIMS CONCERNING THE "SAFE HARBOR" PROVISION IN 18 U.S.C. § 1515(c) AND DISCIPLINARY RULE DR 7-104 WERE LIKEWISE PREVIOUSLY RAISED AND CONSIDERED BY THE COURT OF APPEALS

Petitioner's third and fourth claims were likewise raised by him and addressed by the Sixth Circuit in his direct appeal. With regard to Petitioner's "safe harbor" claims, the appellate court declined to determine whether Section 1515(c) presents an affirmative

6

defense to a Section 1512 witness tampering charge because Crawford had failed to raise such an affirmative defense in this Court. However, the appellate court stated that "[t]o the extent that § 1515(c) does not present an affirmative defense, of course, Crawford's claim, although not waived, could not succeed." 60 Fed. Appx. at 532. This is because Section 1515(c) provides that "[t]his chapter does not prohibit or punish *the providing of bona fide, legal representation services* in connection with or anticipation of an official proceeding." As such, only "bona fide, legal representation services" cannot serve as the basis of a witness or evidence tampering charge.

Here, as at least implicitly recognized by the Court of Appeals when it found that Crawford's § 1515(c) claim could not succeed, Crawford was not engaged in "bona fide legal representation services" when he conspired with his client, co-defendant Erie Adams, and others in locating and killing a government witness, Brian McClendon. The Court of Appeals having decided this issue, Petitioner is precluded from relitigating it in these 2255 proceedings.[1]

The same is true of Crawford's claim of violation of D.R. 7-104. Crawford contends, as he did in his direct appeal, that government attorneys and/or investigators violated former Disciplinary Rule 7-104 (n/k/a "Model Rule 4.2") by contacting

---

[1] The Sixth Circuit, did however, state that to the extent § 1512(c) presents an affirmative defense, Crawford could raise his attorney's failure to raise such a defense at trial as part of his Section 2255 ineffective assistance of counsel claim. Crawford has made such a claim here and the Court, will, accordingly, address this claim in the ineffective assistance of counsel section opinion, *infra*.

7

Crawford's client, his co-defendant Erie Adams, regarding Adams's potential cooperation in the prosecution of those involved in the plot to murder Brian McClendon.

DR-7-104 states that "[d]uring the course of his representation of a client, a lawyer shall not . . . communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer. . . or is authorized by law to do so." As the Court of Appeals found, by its own terms DR 7-104 does not apply to the conduct at issue. "The government attorney or investigator who allegedly spoke with Adams was not discussing the subject of Crawford's representation of Adams. Crawford represented Adams in connection with drug and weapon charges as well as a charge of assault on a federal officer. The government agent spoke with Adams in connection with a conspiracy to tamper with a witness." 60 Fed. Appx. at 535.

The Court of Appeals having directly addressed the issue of applicability of DR-7-104, Crawford is precluded from revisiting the issue in his 2255 action.

C. <u>CRAWFORD WAS AFFORDED EFFECTIVE ASSISTANCE OF COUNSEL</u>

The only claim made by Crawford not barred by his direct appeal is his claim that his trial attorney rendered constitutionally ineffective assistance of counsel by failing to argue that 18 U.S.C. § 1512(c) presented an affirmative defense that he was entitled to; failing to hire a private investigator that might have uncovered exculpatory evidence; failing to provide an adequate defense by not requesting numerous relevant jury

8

instructions; failing to effectively cross-examine the prosecution witnesses; delaying in obtaining *Brady* materials from the Government and failing to push this issue with the Court; and denying Petitioner the right to testify.

To establish the ineffective assistance of counsel, Petitioner must show that (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 698 (1984). Further, "[t]here is no reason for a court deciding an ineffective assistance claim. . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice. . . that course should be followed." *Id.*

With respect to the performance prong of the inquiry, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder,

"whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695.

Applying the foregoing standards, the Court finds insufficient support for Petitioner's claim of ineffectiveness of counsel.

With respect to Crawford's first ineffectiveness claim — that his trial attorney failed to raise an affirmative defense pursuant to 18 U.S.C. § 1512(c), which provides that it would not be unlawful under the witness tampering statute to provide bonafide legal representation — as indicated above, the actions of Mr. Crawford in this case are a far cry from bonafide legal representation, hence, the "bonafide legal representation" affirmative defense was not applicable, and accordingly, counsel's performance was not deficient in failing to raise it. Furthermore, as the Second Circuit recently observed in *United States v. St. John*, 267 Fed. Appx. 17 (2d Cir. 2008), to the extent that counsel may have erred in failing to seek a jury instruction on the § 1512(c) defense, any such error was harmless because the substance of this provision was, in fact, given to the jury when the jury was instructed that it necessarily had to find that the defendants knowingly conspired to pursue an unlawful purpose. The same is true here as the Court instructed the jury that, to convict Crawford, it had to find, beyond a reasonable doubt, that "defendant attempted to kill a witness or informant" and/or that "defendant helped to commit the crime [or encouraged someone to commit the crime.]" [Jury Instructions 4/27/00]. "This instruction, by definition, excludes the possibility of bona fide legal

advice constituting criminal behavior." *United States v. St. John, supra. See also United States v. Doyle*, 130 F.3d 523, 540 (2d Cir.1997) (finding no error in failure to give a requested instruction where "the essence of [defendant's] request [was] effectively presented elsewhere in the charge").[2]

Crawford next claims that he was provided ineffective assistance of counsel because his trial attorney failed to investigate and hire a private investigator to uncover potential exculpatory evidence. The record does not support Crawford's premise. Petitioner's attorney did consider hiring a private investigator, and, in fact, he requested and received authorization from the Court for $1,000 to pay for an investigator. [R. 535].

---

[2] Crawford's reliance upon *United States v. Kloess*, 251 F.3d 941 (11th Cir. 2001), is misplaced. There, the precise issue presented was whether § 1515(c) was an element of a § 1512 crime that needed to be alleged and proven by the government, or an affirmative defense that had to be raised by the defendant. The Eleventh Circuit held that § 1515(c) was not an element of the crime but rather presented an affirmative defense that had to be raised by the defendant, but that where the government's indictment alleges the necessary elements of the defense, i.e., that "the defendant is a validly licensed attorney who was retained to provide legal representation *and. . . the charged conduct consists of that representation*, the defendant's burden of production is met." 251 F.3d at 948 n. 8. Although Crawford attempts to fit his case within this ruling, it simply is not applicable. In *Kloess*, the defendant lawyer was charged with violating § 1512(b)(3), i.e., engaging in misleading conduct with the intent to hinder, delay or prevent the communication to a judge of information relating to the commission or possible commission of a crime or a violation of conditions of probation, arising out of his giving of false testimony in court to mislead the court as to his client's true identity in an attempt to enable his client to avoid the consequences of his having violated the terms of his probation. Thus, in *Kloess*, the charged conduct *consisted of his representation* of his client — his appearance in court on behalf of his client in court during which he gave false misleading testimony. Here, by contrast, Defendant Crawford was charged with conspiring with Erie Adams and others to *kill or attempt to kill a witness*. The charged conduct, thus, does <u>not</u> in any way consist of his *representation* of Erie Adams.

There is no indication in the record that an investigator was not hired, nor is there any indication that there was any potential exculpatory evidence to be uncovered. "Defense counsel is not required to investigate everyone whose name happens to be mentioned by the defendant." *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir.1985) (citation and internal punctuation omitted). In any event, a section 2255 movant who claims his trial counsel was deficient in failing to track down and interview witnesses must present sufficiently precise information as to the nature and probable effect of evidence that would have been obtained had counsel undertaken desired investigation. *United States v. Farr*, 297 F.3d 651, 658-59 (7th Cir.2002). Crawford has not done so here.

Crawford's third assertion is similarly not supported by the record. Crawford claims that his counsel was deficient in failing to file pretrial motions. The record reflects that numerous motions were filed both before and after Mr. Minock was appointed to represent Crawford. The record does not reflect that any additional motions would have been necessary or helpful. Although Petitioner complains that the Government "delayed" in providing his attorney with requested discovery and that his attorney did not file any motions to compel to obtain the discovery sooner, he does not dispute that he was, in any event, provided with discovery, including all *Brady* material, before the commencement of trial.

Petitioner also complains about a tardy filing of a motion to dismiss. Although Crawford's counsel did not file a pre-trial motion to dismiss until the eve of trial, the

Court considered the motion -- which was in fact the fifth pre-trial motion to dismiss filed by Petitioner -- and, in fact, ruled on it in a written opinion. Crawford was in no way prejudiced by any "late" filing.

Crawford's fourth assertion is that his counsel was deficient in failing to request certain jury instructions, specifically (1) an instruction as to "specific intent" as part of the conspiracy to murder charge; (2) involuntariness of actions resulting from duress; (3) defendant's ethical obligations as an attorney in zealously representing his client; (4) an "actual innocence" theory of defense; (5) multiple conspiracies versus single conspiracy; and (6) the government's failure to produce *Brady* materials.

As an initial matter, contrary to Crawford's assertion, the jury in this case *was* instructed on the issue of Crawford's intent. The jury was instructed: "AS TO EACH CONSPIRACY COUNT, if you are convinced that there was a criminal agreement [as previously defined], then you must decide whether the government has proven that the defendant knowingly and voluntarily joined that agreement. To convict the defendant of either Count One [Conspiracy to Distribute Controlled Substance] or Count Two [Conspiracy to Tamper with a Witness], the government must prove that the defendant knew the main purpose of each conspiracy, and that he voluntarily joined it intending to help advance or achieve its goals." The Court reiterated several times that the government had to prove that Defendant *knew* the main purpose of the conspiracy, and that he *voluntarily joined it* and emphasized that proving Defendant's knowing and

13

voluntary participation in the conspiracy was "essential." These instructions are consistent with the Court of Appeals' view of the matter.[3]

---

[3] Crawford's "specific intent" to join the conspiracy to murder Brian McClendon was discussed at length by the Sixth Circuit in Crawford's direct appeal, albeit in the context of his claim of insufficiency of evidence as opposed to a claim of the absence of a jury instruction. As noted by the appellate court, "[t]o prove a conspiracy, four essential elements must be shown: '(1) that the conspiracy was wilfully formed and existed at or about the time alleged in the indictment; (2) that *the accused willfully became a member of the conspiracy*; (3) that one of the conspirators thereafter knowingly committed at least one overt act charged in the indictment at or about the time and place alleged; and (4) that such overt act was knowingly done in furtherance of some object or purpose of the conspiracy as charged.'" 60 Fed. Appx at 533 (citation omitted). The Court determined that

> . . . [A] rational juror could conclude from the evidence presented at trial that Crawford knowingly entered the conspiracy when he and Adams formed an understanding about what was going to happen to McClendon. Further, a jury could reasonably conclude that , based on that understanding, Crawford relayed information from Adams to Carter and Jones relating to McClendon's whereabouts and Adams' instructions to "TCB."
>
> Significant circumstantial evidence supports the jury's finding on the knowledge element as well. Crawford's knowledge could be inferred from the fact that he wrote the McClendon's [sic] information backward, which suggests that he was attempting to conceal his actions. Moreover, Carter testified that after Weaver provided Carter with the contact information for McClendon, Crawford intended to shred the paper on which the original information was written. Emanuel Adams testified that he provided $7,000 to Clifford Jones in Crawford's office for the purpose of carrying out the McClendon hit. Finally, two meetings attended by the co-conspirators took place at Crawford's office. During one of these meetings, Crawford was present during an argument over why Carter had failed to provide to Jones certain information and money in connection with the hit of McClendon. . . . [T]he jury could infer from this evidence, when combined with the other evidence, that Crawford was a member of the conspiracy. Crawford need not have participated in each overt act in furtherance of the scheme. [Citation omitted.] That Crawford had initiated the play by relaying the

In any event, whether to request a particular instruction is a matter within an attorney's tactical discretion. *See Coleman v. Brown*, 802 F.2d 1227, 1235 (10th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1241 (9th Cir.), *cert. denied*, 469 U.S. 838, 105 S.Ct. 137 (1984). Trial counsel's tactical decisions are particularly difficult to challenge when claiming ineffective assistance of counsel. *See McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir.1996); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir.1994). Accordingly, Petitioner must "overcome a presumption that the challenged action might be considered sound trial strategy." *Id*. Petitioner has failed to do so.

Furthermore, a trial court "has broad discretion in determining appropriate jury instructions, and the defendant is not entitled to a particularly worded instruction where the instructions given adequately and correctly cover the substance of the requested instructions." *United States v. Townsend*, 796 F.2d 158, 163 (6th Cir.1986). As indicated above, the instruction given by the Court on the conspiracy charge comported with the law and adequately covered the "intent" issue.

With regard to the other instructions Crawford claims his attorney failed to request, a defendant is not entitled to a jury instruction unless there is support in the evidence and the law for the request. *See United States v. Wall*, 130 F.3d 739, 746 (6th Cir. 1997), and cases cited therein. Here, there was no support in the evidence and/or the

---

message and the contact information alone would be sufficient to establish his participation.

*Id.* at 533-34.

law for the various other instructions Crawford claims his lawyer should have requested. Therefore, his trial counsel acted appropriately in not requesting such baseless instructions.

Crawford's third claim of his attorney's ineffectiveness — failure to effectively cross-examine prosecution witnesses — similarly fails. "Decisions about whether to engage in cross-examination, and if so to what extent and in what manner, are strategic in nature and generally will not support an ineffective assistance claim." *Dunham v. Travis*, 313 F.3d 724, 732 (2d Cir .2002) (inner quotation omitted). *See also United States v. Steele*, 727 F.2d 580, 591 (6th Cir.1984) (holding that cross-examination falls "within the area of trial tactics and strategy that should not be subjected to second guessing and hindsight" by the court); *Davie v. Mitchell*, 291 F. Supp. 2d 573, 604 (N.D. Ohio 2003) (holding same).[4] Crawford's claims pertaining to tardy discovery and his attorney's failure to press this issue are likewise tactical matters that do not support a claim of ineffective assistance of counsel.

Crawford's final claim of ineffective assistance of counsel is that his trial counsel denied him the opportunity to testify. The record, however, does not reflect that trial counsel in any way interfered with Petitioner's right to testify. Although the ultimate

---

[4] Furthermore, Crawford's assertion that his trial counsel made only "simplistic attempts" to impeach government witnesses is not supported by the record. The transcript, in fact, shows that Defendant cross-examined the witnesses at length. Defendant's cross-examination of Kevin Carter comprises 53 pages of the trial transcript; the cross-examination of Clifford Jones comprises 54 pages; and the cross-examination of Erie Adams comprises 14 pages.

decision whether to testify rests with the defendant, when a tactical decision is made not to have the defendant testify, the defendant's assent is presumed. *United States v. Webber*, 208 F.3d 545, 551 (6th Cir. 2001). As the *Webber* court explained in rejecting the defendant's claim of interference with his right to testify in that case,

> A defendant who wants to testify can reject defense counsel's advice to the contrary by insisting on testifying, communicating with the trial court, or discharging counsel. At base, a defendant must "alert the trial court" that he desires to testify or that there is a disagreement with defense counsel regarding whether he should take the stand.

*Id.* (citations omitted).

In this case, Petitioner Crawford told the Court prior to trial that he intended to testify unless he changed his mind after consulting with his attorney. Crawford does not dispute this, nor does he dispute that he did, in fact, change his mind after discussing the matter further with his lawyer. According to his Brief, Crawford changed his mind because Mr. Minock advised him that if he took the stand, he would be asked questions concerning his attorney discipline record which would demonstrate that he lacked credibility. Crawford states that this made him feel that Minock did not believe in his truthfulness as a witness. "Accordingly, at Mr. Minock's strong recommendation, Petitioner ultimately declined to testify." [Petitioner's Opening Brief, p. 22.]

Contrary to Crawford's assertions, his discussion with Mr. Minock does not demonstrate ineffective assistance of counsel. Rather, it demonstrates that Minock acted entirely in accordance with his professional obligations. *See United States v. Webber,*

17

*supra* ("Defense counsel's role is to advise the defendant whether to take the stand, but the ultimate decision is for the defendant to make.") The record here simply does not indicate that trial counsel improperly interfered with Petitioner's right to testify and Petitioner has not presented any evidence stating otherwise.

In sum, Petitioner Crawford has not demonstrated that his counsel's performance fell short of the norms of the legal profession, nor has he demonstrated that but for his attorney's alleged deficient conduct the outcome of the proceeding would have been different.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Petitioner Crawford's § 2255 Motion to Vacate and Set Aside Judgment **[Dkt. # 623]** is DENIED and the Government's Motion to Dismiss Petitioner's Motion **[Dkt. # 625]** is GRANTED. Accordingly,

IT IS FURTHER ORDERED that this § 2255 action is DISMISSED.

                              s/Gerald E. Rosen
                              Gerald E. Rosen
                              United States District Judge

Dated: July 31, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager